**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOLLYWAY CLEANERS & LAUNDRY COMPANY, INC.; et al., | No. 15-55973 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-07497-ODW-E |
| v. | MEMORANDUM[*] |
| CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 2, 2016[**]
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

Appellee Central National Insurance Company of Omaha, Inc. issued a

liability insurance policy to appellant Hollyway Cleaners & Laundry, a dry

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cleaning business. Hollyway was sued in California state court for contaminating its premises with cleaning solvents. Hollyway asked Central Insurance, its insurer, to defend Hollyway under the parties' policy. But Central Insurance refused, and Hollyway brought this action requesting a declaration that Central Insurance must defend Hollyway in the California case. The district court granted summary judgment to Central Insurance, holding that the insurer had no duty to defend Hollyway because there was no evidence that could possibly trigger Central Insurance's liability. We reverse and remand back to the district court.

We review a grant of summary judgment de novo. *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002).

Notably, "the insurer has a higher burden than the insured" on a summary judgment motion disputing a duty to defend. *Am. States Ins. Co. v. Progressive Cas. Ins. Co.,* 180 Cal. App. 4th 18, 27 (2009). The insurer is only relieved of its duty if it can conclusively prove there is no potential coverage. *Id.* In other words, "the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot.*" *Id.* (citation omitted); *see also Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275 (1966).

Central Insurance's liability under the policy is triggered only in the event of an accidental spill. The parties agree that the sole question is whether Central

2

Insurance has conclusively proven that there were no "accidental" spills of solvent at Hollyway's store.

California courts have explained that "accidental," in this context, means that an event was both (1) unintentional and (2) unexpected. No one contends Hollyway's spills were intentional; the question is whether Central Insurance has proven that all spills at Hollyway's were "expected" and thus not an accident under the Hollyway's policy.

To show a spill was expected in this context, the insurer must prove that the insured "subjectively knew or believed [the spill] was highly likely to occur." *State v. Allstate Ins. Co.,* 45 Cal. 4th 1008, 1024 (2009). Spills must occur regularly before California courts will find, as a matter of law, that a reasonable jury *must* find that the insured subjectively expected a spill. *Id.* at 1027. For example, in one case, "four or five spills" over the course of several years "hardly constituted" an "expected" event. *A-H Plating, Inc. v. Am. Nat'l Fire Ins. Co.*, 57 Cal. App. 4th 427, 438 (1997).

Taking all evidence in the light most favorable to Hollyway, there is a genuine dispute as to whether accidental spills occurred at Hollyway's store. Hollyway's employees, Hollyway's owner, and an independent solvent delivery driver all testified that solvent spills occurred on the premises. And none of the

evidence in the record indicates that these spills happened with such frequency that they were, as a matter of law, expected. The few spills described in the record were less frequent than the spills the court found insufficient to foreclose the insurer's duty to defend in *A-H Plating*.

Central Insurance failed to meet its heavy burden to prove conclusively that there is no potential for coverage in this case. Because there is a genuine dispute of fact as to whether Central Insurance is liable under Hollyway's policy, summary judgment was inappropriate.

**REVERSED and REMANDED.**